UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ELLEN MALAST,

        Plaintiff,

        -against-

CIVIL SERVICE EMPLOYEES ASSOCIATION, INC.,
LOCAL 830, AFSCME, AFL-CIO, CIVIL SERVICE
EMPLOYEES ASSOCIATION, INC., LOCAL 1000,
AFSCME, AFL-CIO, and NASSAU COUNTY
DEPARTMENT OF CONSUMER AFFAIRS,

        Defendants.
------------------------------------------------------------X

**ORDER**
10-CV-664 (SJF) (WDW)

FEUERSTEIN, J.

On February 16, 2010, Ellen Malast ("plaintiff") commenced this action against her union, the Civil Service Employees Association Local 830 and 1000 ("CSEA"), and the Nassau County Department of Consumer Affairs ("the County") alleging violations of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, et seq., and related state laws.

On January 20, 2011, the Court dismissed the state-law claims against CSEA on preemption grounds. [Docket Entry No. 24]. On March 16, 2011, plaintiff filed a stipulation, signed by plaintiff and the County, that "[t]he above-entitled action be dismissed in its entirety, with prejudice, and with no award of counsel fees or costs to either side." [Docket Entry No. 30]. On March 17, 2011, the stipulation was adopted as an order of the Court and the case was dismissed. [Docket Entry No. 31].

On April, 5, 2011, plaintiff moved the Court pursuant to Rule 60 of the Federal Rules of Civil Procedure to vacate the Court's order dated March 17, 2011 adopting the stipulation of

1

dismissal, arguing that the stipulation "mistakenly did not include a reservation of rights to appeal the dismissal of CSEA." [Docket Entry No. 32]. On May 4, 2011, the Court vacated the stipulation and the order dated March 17, 2011, [Docket Entry No. 34], and so ordered a revised stipulation of dismissal, dismissing the action with respect to the County only and preserving plaintiff's right to appeal the Court's order dated January 20, 2011. [Docket Entry No. 35].

On May 9, 2011, plaintiff filed a notice of appeal of the Court's order dated January 20, 2011. [Docket Entry No. 36]. On April 12, 2012, the Second Circuit issued a mandate vacating the Court's dismissal of the state-law claims against CSEA and directing the Court to to decide upon remand, in the first instance, whether to exercise supplemental jurisdiction over the reinstated state-law claims in light of the settlement and dismissal of plaintiff's federal-law claims. [Docket Entry No. 45].

"A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006). In deciding whether to exercise supplemental jurisdiction, a district court must "balance[] the traditional 'values of judicial economy, convenience, fairness, and comity.'" Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Id. (quoting Cohill, 484 U.S. at 350 n.7.

Upon consideration of the factors listed above, the Court finds no reason to exercise supplemental jurisdiction over the reinstated state-law claims. Therefore, the state-law claims against CSEA are dismissed without prejudice.

2

**SO ORDERED.**   s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: December 27, 2012
       Central Islip, New York

3